UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA P.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-1706-MJD-SEB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW**

Claimant Cynthia P. requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. § 423(d). For the reasons set forth below, the Court **REVERSES** the decision of the Commissioner.

**I. Background**

Claimant applied for DIB in 2014, alleging an onset of disability as of June 25, 2006, which was later amended to August 25, 2013. [Dkt. 8-5 at 2, 23.] Claimant's application was denied initially and upon reconsideration, and a hearing was held before Administrative Law Judge David Welch on December 2, 2016. [Dkt. 8-2 at 31.] On February 17, 2017, ALJ Welch

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

issued his determination that Claimant was not disabled. *Id.* at 14. That determination was ultimately appealed to this court, and an order was entered on August 17, 2018, by Judge Richard L. Young granting the parties' joint motion to remand. [Dkt. 8-9 at 28.] A second hearing was held before ALJ Gladys Whitfield ("ALJ") on July 30, 2019. [Dkt. 8-8 at 65.] On August 26, 2019, ALJ Whitfield entered her decision denying Claimant's claim for benefits, along with a subsequent claim that Claimant filed on January 30, 2018. *Id.* at 29. The Appeals Council declined to review the ALJ's decision on June 25, 2022, *id.* at 2, making the ALJ's decision the final decision of the Commissioner. Claimant then timely filed her Complaint on August 27, 2022, seeking judicial review of the ALJ's decision. [Dkt. 1.]

## II. Legal Standards

To be eligible for benefits, a claimant must have a disability pursuant to 42 U.S.C. § 423. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a sequential, five-step analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three, and is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three, cannot perform her past relevant work, but can

perform certain other available work, she is not disabled. 20 C.F.R. § 404.1520. Before continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC") by "incorporat[ing] all of the claimant's limitations supported by the medical record." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

In reviewing Claimant's appeal, the Court will reverse only "if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). Thus, an ALJ's decision "will be upheld if supported by substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019).

An ALJ need not address every piece of evidence but must provide a "logical bridge" between the evidence and her conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). This Court may not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Where substantial evidence supports the ALJ's disability determination, the Court must affirm the decision even if "reasonable minds could differ" on whether Claimant is disabled. *Id.*

### III. ALJ Decision

The ALJ first determined that Claimant did not engage in substantial gainful activity between her amended alleged onset date of August 25, 2013, and her date of last insured, June 30, 2018. [Dkt. 8-8 at 31.] At step two, the ALJ found that Claimant had the following severe impairments: "lumbar spine disease, mild compression fracture of the thoracic spine, and migraines." *Id*. at 32. At step three, the ALJ found that Claimant's impairments did not meet or equal a listed impairment during the relevant time period. *Id.* at 33. The ALJ then found that, during the relevant time period, Claimant had the residual functional capacity ("RFC")

3

> to perform light work as defined in 20 CFR 404.1567(b) except no climbing of ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally be exposed to environmental or pulmonary irritants such as fumes, odors, dusts, and gasses, hazardous moving machinery, unprotected heights, and wet or slippery surfaces. No strobe or flashing lights in the ordinary course of business. No fast-paced production requirements. She can occasionally reach overhead.

*Id.* at 34.

At step four, the ALJ found that Claimant was able to perform her past relevant work as a bill collector, customer service representative, and intake worker during the relevant time period. *Id*. at 38. Accordingly, the ALJ concluded Claimant was not disabled. *Id.* at 39.

### IV. Discussion

Claimant argues that remand is required because the ALJ improperly applied the substantial evidence standard rather than the correct standard, which is preponderance of the evidence. To find something by the preponderance of the evidence, of course, means that the evidence shows that it is more likely than not. On the other hand,

> the phrase "substantial evidence" is a term of art used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted).

The ALJ uses the phrase "substantial evidence" throughout her decision:

- "Substantial evidence supports that a cane is not medically necessary." [Dkt. 8-8 at 35.]

4

- The opinion of medical expert Dr. Olive "is generally consistent with the substantial evidence of record discussed in this decision, such as the findings from the psychiatric consultative exams and the activities of daily living." *Id.* at 36.

- The opinion of medical expert Dr. Farber "is generally consistent with the substantial evidence of record discussed in this decision, such as the findings from the physical consultative exams and the activities of daily living . . . ." *Id.*

- The opinions of the state agency medical consultants "are generally consistent with the substantial evidence of record discussed in this decision, such as the findings from the physical consultative exams and the activities of daily living  . . . ." *Id.*

- The opinions of the state agency psychological consultants "are generally consistent with the substantial evidence of record discussed in this decision, such as the findings from the psychiatric consultative exams and the activities of daily living." *Id.*

- The opinion of examining psychologist Dr. Robbins "is also generally consistent with the substantial evidence of record discussed in this decision, such as the activities of daily living and generally largely negative psychiatric findings at medical appointments." *Id.* at 37.

- The opinion of examining psychologist Dr. Lysaker "is also generally consistent with the substantial evidence of record discussed in this decision, such as the activities of daily living and generally largely negative psychiatric findings at medical appointments." *Id.*

- The opinion of examining physician Dr. Rice "is generally consistent with the substantial evidence of record discussed in this decision, such as the findings from the physical consultative exams and the activities of daily living . . . ." *Id.*

- The opinion of examining psychologist Dr. Rayl "is generally consistent with the substantial evidence of record discussed in this decision, such as the activities of daily living and generally largely negative psychiatric findings at medical appointments." *Id.* at 38.
- "Based on the foregoing, the undersigned finds the claimant has the above residual capacity assessment, which is supported by the substantial evidence of record discussed in this decision." *Id.*

The Commissioner does not, and cannot, dispute that the correct standard is the preponderance of the evidence standard. Nor does, or can, the Commissioner dispute that there is a significant difference between the substantial evidence standard and the preponderance of the evidence standard. What the Commissioner does argue is the following:

> By itself, the ALJ's use of boilerplate containing inartful language is insufficient to cast doubt on the validity of her findings. In the absence of some form of substantiation in support of her assertion, Plaintiff has clearly failed to satisfy her burden of demonstrating that the ALJ applied a legally improper standard in arriving at her conclusion that Plaintiff failed to satisfy her burden of demonstrating disability.
>
> ***
>
> Plaintiff is asking this court to essentially presume, in the absence of evidence to the contrary, that the ALJ applied an erroneous standard of review in reaching her conclusion that Plaintiff was not disabled prior to June 30, 2018. Plaintiff offers no explanation what "preponderance findings" should look like. Under a substantial evidence review, an "agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S.Ct. 1683, 1692 (2020) (emphasis added). Plaintiff's citation to the number of times the ALJ used the words "substantial evidence" fails to satisfy that bar and does not undermine the reasonableness of the ALJ's well-supported decision. This court should decline Plaintiff's invitation to re-weigh the evidence anew; particularly when Plaintiff fails to provide any evidentiary references to support her assertion that the ALJ applied an inappropriate standard of review.

6

[Dkt. 11 at 9.]  To the contrary, what Claimant is asking the Court to do is precisely what the Court is required to do:  read and evaluate the plain language of the ALJ's decision.  That plain language strongly suggests that the ALJ applied the wrong standard.  It certainly may be that the ALJ did not mean what she said, but the Court cannot presume that to be the case.  Either the ALJ applied the wrong standard or she wrote an opinion using words in ways that are not readily understood by the Court tasked with reviewing the opinion.  Either is an error that requires remand.

On remand, the ALJ also shall reevaluate the opinions of examining psychologists Dr. Robbins and Dr. Lysaker.  Dr. Robbins, who examined Claimant on October 7, 2014, provided a "Medical Source Statement" in which he opined as follows:

> Despite the presence of ongoing depressive disturbances, the claimant's clinical presentation and the results of the mental status exam did not reveal the presence of psychological difficulties that would preclude her from obtaining and maintaining employment. **She appears capable of following and remembering simple instructions**, making adequate work-related decisions, and sustaining her concentration on simple tasks over a normal 8-hour work-day. She displayed adequate social behavior during this examination and appears capable of applying this potential to a work environment.

[Dkt. 8-7 at 172 (emphasis added).]  The ALJ gave this opinion "great weight," except that

> [t]o the extent that Dr. Robbins' opinion could be interpreted as the claimant's maximum mental functioning abilities (i.e., she can only follow and remember simple instructions and not complex instructions), it is given little weight and is generally inconsistent with, and unsupported by, the foregoing evidence.

[Dkt. 8-8 at 37.]  The ALJ does not explain how Dr. Robbins' statement could be interpreted as anything other than claimant's "maximum mental functioning abilities."  Indeed, the Commissioner has defined medical source statements as "opinions about what the individual can still do despite his or her impairment(s)."  *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996).  How would a medical source

opinion be useful at all if it was not required to set out the most a Claimant can do? Otherwise it is nothing more than a random description of some things that a Claimant can do. The ALJ was not required to accept Dr. Robbins' opinion, but on remand the ALJ shall more fully explain her reason for doing so, rather than simply vaguely pointing to "the foregoing evidence." *See Michael v. Saul*, 2021 WL 1811736, at *8 (N.D. Ind. May 6, 2021) ("A summary is not analysis, as it does not explain *why* the evidence summarized undermined Plaintiff's statements about [her] symptoms or limitations, or which statements were inconsistent.") (emphasis in original) (citing *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008)).

>Similarly, Dr. Lysaker, who examined Claimant on August 13, 2016, opined as follows:

>>The claimant appeared in a euthymic and rapport was readily established. Overall the claimant was able to learn, remember and comprehend the simple instructions presented in this interview. **She was able to attend to and carry out simple tasks.** There were no impairments noted in memory or in concentration. She was able to perform some but not all simple calculations and she was able to form and use abstractions. Her fund of information was somewhat below normal limits. Overall the claimant did behave appropriately in the interview. She is likely to be able to interact appropriately with co-workers, customer and supervisors in a work setting. **She is likely to be able to respond appropriately to minor changes in routine and to learn simple new tasks**.

[Dkt. 8-7 at 216 (emphasis added).] Inexplicably, however, Dr. Lysaker also checked boxes that indicate that Claimant has the ability to carry out complex tasks and no limitation in her ability to respond to changes in a routine work setting. *Id.* at 209. The ALJ again gave Dr. Lysaker's opinion "great weight," except that

>[t]o the extent that Dr. Lysaker's opinion could be interpreted as the claimant's maximum mental functioning abilities (i.e., she is only able to learn simple, rather than complex, new tasks), it is given little weight and is generally inconsistent with, and unsupported by, the foregoing evidence. Further, it would be inconsistent with his own assessment that her ability to understand/ remember/carry out instructions is not affected by her impairments.

[Dkt. 8-8 at 37.]  In other words, the ALJ recognized the contradiction in Dr. Lysaker's report, but failed to seek clarification from Dr. Lysaker.  Again, on remand, the ALJ shall more fully explain her reason for crediting part of Dr. Lysaker's report but not the other, rather than simply vaguely pointing to "the foregoing evidence."

## V. Conclusion

The Court makes no determination herein regarding whether Claimant is actually entitled to benefits.  What is clear, however, is that Claimant is entitled to a decision from the Commissioner that applies the correct legal standard and articulates adequate reasons for the conclusions drawn therein.  Despite the repeated review of her case by two ALJs and the Appeals Council, she still has not received that.  Accordingly, the Commissioner's decision is **REVERSED** and **REMANDED for further proceedings consistent with this Order**.

SO ORDERED.

Dated:  21 AUG 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.